UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL MORALES-RAMIREZ, | No.  1:26-cv-3329 DC CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN, CENTRAL VALLEY ANNEX ICE DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner is detained by the Immigration and Customs Enforcement Agency (ICE) at the Central Valley Annex ICE Detention Facility in McFarland.  ECF No. 1 at 1.  He has filed a petition for writ of habeas corpus.  Good cause appearing, the court recommends that the petition be granted.

I. Facts

Petitioner is a native and citizen of Mexico.  ECF No. 7 at 5.  He entered the United States near Nogales, Arizona, on or around April 17, 2005, without authorization.  Id. at 6.  Petitioner's current detention began on February 20, 2026, in Ogden, Utah.  Id. at 5.  He has not been provided any hearing as to whether his custody is lawful.  He is charged as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).  Id. at 9.  His first removal proceedings hearing was held March 18, 2026.  Id.  The status of removal proceedings is not clear.

1

Petitioner was convicted of driving under the influence in Bakersfield on June 9, 2023. Id. at 6. He served 10 days in jail. Id. It appears the incident occurred on April 21, 2023. Id. at 15.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Analysis

Respondent claims petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). As the court recently held in Puac v. Warden, Cal. City ICE Det. Facility, No 1:26-cv-1388 TLN CKD P, 2026 WL 1133274, *2 (E.D. Cal. April 27, 2026), 8 U.S.C. § 1226, rather than § 1225, applies to individuals such as petitioner who were arrested inside the United States as opposed to at the border around the time of entry. Accord Fernandez Alvarez v. Warden, Fed. Det. Cntr. Miami, No. 25-14065, 2026 WL 1243395, *18 (11th Cir. May 6, 2025) ("§ 1226 supplies the default rule of detention for an alien arrested and detained in the interior"); Barbosa da Cunha v. Freden, No. 25-3141-pr, 2026 WL 1146044, at *2, 3 (2nd Cir. Apr. 28, 2026) (8 U.S.C. § 1226(a) governed petitioner's detention where petitioner was arrested within the interior of the United States after living here for over twenty years); Castañon-Nava v. DHS, 161 F.4th 1048, 1061 (7th Cir. 2025) (generally speaking, "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)"). But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the

2

United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Section 1226(a) expressly authorizes release on bond, and its authorizing regulations provide for immigration judges to convene bond hearings.  After arrest, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)-(2).  If the arrestee wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).  By not providing petitioner a bond hearing under 8 U.S.C. § 1226(a), respondents are violating petitioner's federal rights.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's petition for a writ of habeas corpus (ECF No. 1) be GRANTED.

2.  Within 7 days of the adoption of these findings and recommendations, petitioner be provided with a bond hearing before an immigration judge where petitioner is entitled to release if he can establish he is neither a flight risk nor a risk of danger to the community.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within **seven (7)** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 22, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/mora3329.imm.rel

3