UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

ISMAEL MORALES-RAMIREZ,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX, et al.,

Respondents.

No. 1:26-cv-03329-DC-CKD (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(Doc. No. 9)

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 22, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 9.) On May 29, 2026, Respondents filed objections to the findings and recommendations, stating merely that they objected "[f]or the reasons set forth in Respondents' previous briefing." (Doc. No. 10.) Those arguments were already addressed by the magistrate judge, and the court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

However, consistent with this court's previous decisions, the court finds that the

1

appropriate relief in this case is Petitioner's immediate release from custody. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, Doc. No. 11 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-02045-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who lived in United Stats for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, Doc. Nos. 1, 9 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, Doc. Nos. 1, 10 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.     The findings and recommendations filed May 22, 2026 (Doc. No. 9), are ADOPTED IN PART;

2.     Petitioner Ismael Morales-Ramirez's petition for a writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

/////

2

a.    Respondents shall IMMEDIATELY RELEASE Petitioner from their custody. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b.    Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;

c.    Respondents shall FILE a notice of compliance within seven (7) days of this order, confirming Petitioner's release from custody and the return of his documents and possessions;

d.    If the government seeks to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

e.    This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3.    The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility and the Golden State Annex Detention Facility;[1] and

/////

/////

/////

/////

/////

/////

---

[1] While Petitioner initiated this action against the Warden of the Central Valley Annex and stated that he is being held in that detention facility (Doc. No. 1 at 1), he also stated that he is being held at the Golden State Annex Detention Facility. (*Id.* at 2.) The court will thus direct service of a copy of this order on both facilities out of an abundance of caution.

4.      The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:    **July 1, 2026**

_____
Dena Coggins
United States District Judge

4